UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | Case No. 1:19-mj-00165 (RMM) |
| **ANTOINE L. BLOUNT, JR.,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION

The United States respectfully submits this Memorandum in support of its motion for pretrial detention pursuant to 18 U.S.C. § 3142(f)(2)(A), as the defendant poses a serious risk of flight.

## BACKGROUND

I.   *The Incident*

On Wednesday, June 19, 2019 at approximately 1437 hours, the defendant, Antoine L. Blount, Jr., was observed by United States Secret Service ("USSS") law enforcement officers standing in a restricted area between the security barrier and the White House fence in front of 1600 Pennsylvania Avenue, N.W., Washington D.C. The defendant did not have permission or authority to be in the restricted area. The restricted area in which the defendant was standing was behind a security barrier that is clearly marked with visible signage stating "Restricted Area DO NOT ENTER". When approached by a USSS Uniformed Division Officer, the defendant raised his hands into the air and explained that he just wanted to touch the White House fence because it was a family tradition. Officers gave the defendant direct orders to drop his backpack and lay face down on the ground, both of which he complied with. The defendant was then placed in handcuffs and frisked for any weapons; none were found. The defendant was then

removed and relocated from the restricted area. A USSS Uniformed Division Officer later identified the defendant as Antoine L. Blount, Jr. through a New York State Identification Card in his possession.

Upon questioning, the defendant denied he had any injuries or medical conditions that would warrant transport to the hospital, but he did indicate that he had been diagnosed with bipolar disorder. No medicine was found on the defendant's person or in his backpack.

Because the contents of the defendant's backpack were unknown and it was located within the restricted area, the backpack was declared suspicious. Multiple USSS assets, along with U.S. Park Police, MPD EOD, and the DC Fire Department responded to assess the situation. Pedestrians were also relocated out of the area and access to surrounding buildings, including the White House Complex, was restricted. Following evaluation, the backpack was declared safe.

II.   *The Defendant*

The defendant was previously convicted of bank robbery by force or violence in May 2013 in New York State. Pretrial Services Report ("PSR") at 2. He was sentenced to time served and five years of supervised release. While on supervised release, he repeatedly violated his release conditions. *Id.* at 3 (violations in October 2015, January 2016, August 2016, and October 2016). As a result of those violations, the defendant was still on supervised release at the time of the current incident and was scheduled to remain on it until April 2023.[1] *Id.*

USSS Special Agents subsequently spoke to the defendant's probation officer in New York. The probation officer advised that the defendant has a history of mental illness and

---

[1] However, in a conversation with USSS Special Agents, the defendant's probation officer indicated that the defendant was on supervised release until mid-2020.

provided details regarding that history.[2] As relevant to a detention decision, the probation officer indicated that the defendant has been prescribed medication, however, he is not always compliant with his treatment regimen.[3] He noted that the defendant is easy to work with when compliant with his medication, but has difficulty focusing when non-compliant. The probation officer advised that he has never seen the defendant become violent or act in an aggressive manner.

The probation officer also advised that the defendant did not receive authorization from the probation office to travel to Washington, D.C, and that this current incident would likely result in an extension of his supervised release. He also stated that the defendant is unemployed, receives no family support, and receives financial assistance from the government.

## ARGUMENT

The defendant should be detained pending trial because he is a serious risk of flight. 18 U.S.C. § 3142(f)(2)(A). A judicial determination that a defendant should be detained pending trial as a serious risk of flight need only be supported by a preponderance of the evidence. *United States v. Vortis*, 785 F.2d 327, 328 (D.C. Cir. 1986). At a detention hearing, the government may present evidence by way of a proffer. *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).

In making its decision, the Court must consider four statutory factors: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of evidence against the defendant; (3) the history and characteristics of the defendant;

---

[2] The defendant's competency does not appear to an issue, so those details are not needed for the purposes of this Memorandum. The Government can provide additional information if the Court believes such information is necessary.

[3] In a filing by his attorney in his bank robbery case, it is explained that rather than take all of his prescribed medication all the time because of its side effects, the defendant would use marijuana instead, believing it to be a "preferable substitute." *See United States v. Antoine Blount,* Case 1:12-cr-00670-RJS (S.D.N.Y.), Docket No. 34 at 2 (July 14, 2015 letter from defendant's counsel).

and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  *See* 18 U.S.C. §3142(g).  Consideration of these factors based on the factual proffer below will establish by a preponderance of the evidence that there is no condition or combination of conditions that would reasonably assure the defendant's appearance at this time.  Consequently, the defendant should be detained pending trial.

### **Factual Proffer**

The defendant is charged with entering and remaining in, and attempting to enter and remain in, a restricted area – the White House Complex – and the Government's evidence that he did so is strong.  His actions were witnessed by USSS personnel and were captured on White House surveillance cameras.  Furthermore, as he was stopped in the restricted area, the defendant explained to USSS personnel that he just wanted to touch the fence because it was a family tradition.  Due to the presence of his backpack in the restricted area, the defendant's actions also necessitated restrictions on movement in and around the White House, as well as the response of multiple federal and local assets to ensure that there was no safety concern attendant to his backpack.

As related to his history and characteristics, the defendant is unemployed and does not have any family support system.  The defendant has no apparent ties to the District of Columbia and resides in New York City.  Most importantly though, the defendant has repeatedly violated the terms of his supervised release from his prior conviction, thus showing that he has cannot be relied upon to comply with this Court's orders.  According to his probation officer, the defendant's presence in Washington, D.C. is, in and of itself, yet another violation, as he was still on supervised release at the time of the incident and was not authorized to travel to Washington, D.C.

As to the risk his release would pose to the safety of others or the community, other than consideration of the defendant's prior conviction for a violent felony (armed bank robbery), the Government is not aware of any other facts that would suggest he would be such a risk.

## **CONCLUSION**

For the foregoing reasons, the Government requests that the Court order that the defendant be detained pending trial.

Respectfully submitted,

JESSIE K. LIU
United States Attorney
D.C. Bar No. 472845

By: \_\_\_\_\_/s/_____.
REAGAN N. CLYNE
Special Assistant United States Attorney
Virginia Bar No. 74767
555 Fourth Street, N.W.
Washington, DC  20530
Reagan.Clyne@usdoj.gov
(202) 252-7215